**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| KEITH SCOTT<br>9816 DECATUR ROAD<br>MIDDLE RIVER, MARYLAND 21220 | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| MARGOLIS, PRITZKER, EPSTEIN<br>& BLATT, P.A.<br>110 WEST ROAD, STE. #222<br>TOWSON, MARYLAND 21204<br>    Serve On:    Aaron Margolis<br>                         110 West Road, Ste. #222<br>                         Towson, MD 21204 | Case No. _____ |
| Defendant. | |

**COMPLAINT**

Plaintiff Keith Scott, by and through his attorney Cory L. Zajdel of Z LAW, LLC, allege and states as follows:

I.      **INTRODUCTION**

1.   This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692 *et. seq.*, (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's violations all of which occurred within one year from the filing date of this Complaint.

2.   The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress drafted the FDCPA with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The state of Maryland passed the MCDCA, a similar but more comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

## II.   <u>PARTIES</u>

4.      Plaintiff Keith Scott is a natural person currently residing at 9816 Decatur Road, Middle River, Maryland 21220 (Baltimore County), is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

5.      Defendant Margolis, Pritzker, Epstein & Blatt, P.A., is a Professional Association formed under the laws of the state of Maryland with a business address of 110 West Road, Ste. 222, Towson, Maryland 21204.

6.      At all times relevant to this Complaint, Margolis, Pritzker, Epstein & Blatt, P.A. transacted business in the District of Maryland and at other locations throughout Maryland, operating as a law firm, collection agency, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

7.      During the month of December 2009, the same month Defendant brought suit against Plaintiff, Margolis, Pritzker, Epstein & Blatt, P.A. filed more than 500 collection actions in District Courts of Maryland.

## III.    JURISDICTION AND VENUE

8.      Jurisdiction of this Court arises for Count One pursuant to 15 U.S.C. § 1692k(d).

9.      This Court also has supplemental jurisdiction over the state law claim because it arises from a common nucleus of operative facts.

10.     This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, *et seq.* and MCDCA, § 14-201 *et seq.*

11.     Because Defendant regularly does business within the State of Maryland and files lawsuits in Maryland's state courts, personal jurisdiction is established.

12.     Venue is proper in this Court because Defendant Margolis, Pritzker, Epstein & Blatt, P.A. maintains its principle place of business in Baltimore County.

13.     Venue is proper in this District because Defendant filed a lawsuit in the District Court for Baltimore County, Maryland attempting to collect a debt against Plaintiff on December 8, 2009 within the Northern Division that is the basis for this action.

## IV.    FACTUAL ALLEGATIONS

14.     Plaintiff purchased a 1998 Honda Accord motor vehicle in New York and financed the purchase through American Honda Finance Corporation ("Honda Finance") on May 24, 2002.

15.     Plaintiff entered into a Retail Installment Contract and a closed ended loan with Honda Finance on that same day, which is a financial obligation that was primarily for personal,

family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C §

1692a(5).

16.     Plaintiff has not made a payment to Honda Finance for the 1998 Honda Accord

since at least June 25, 2003.

17.     Plaintiff became delinquent on said motor vehicle closed end credit loan and was

unable to make monthly payments due to circumstances beyond his control.

18.     Honda Finance repossessed Plaintiff's 1998 Honda Accord in New York on June

25, 2003.

19.     On June 26, 2003, Honda Finance then sent Plaintiff a "NOTICE OF OUR PLAN

TO SELL PROPERTY – PRIVATE" in which Honda Finance accelerated the entire outstanding

balance on the account and required payment of the entire outstanding obligation in order for

Plaintiff to redeem the 1998 Honda Accord.

20.     Honda Finance also sent another letter to Plaintiff captioned "NOTICE" that gave

Plaintiff ten (10) days to pay the past due amounts under the contract to redeem the vehicle or

else the only way to get the vehicle back was to pay the entire outstanding accelerated balance.

21.     Plaintiff could not afford to pay the entire accelerated amount in full so Honda

Finance sold the 1998 Honda Accord on July 23, 2003.

22.     According to Honda Finance, a deficiency balance remained after the sale of the

motor vehicle and Honda Finance demanded that deficiency amount from Plaintiff.

23.     Unable to collect any payments from Plaintiff, Honda Finance referred the alleged

debt to Defendant Margolis, Pritzker, Epstein & Blatt, P.A. for further collection efforts.

24.     Honda Finance did not refer Plaintiff's account to Margolis, Pritzker, Epstein &

Blatt, P.A. until after the statute of limitations had expired on this alleged debt.

25.     On information and belief, throughout the year 2009, Defendant Margolis, Pritzker, Epstein & Blatt, P.A. sent numerous letters to Plaintiff via U.S. Mail in an effort to collect the alleged debt.

26.     In the letters, Defendant Margolis, Pritzker, Epstein & Blatt, P.A. demanded payment and informed Plaintiff that they were attempting to collect a debt on behalf of Honda Finance.

27.     In the letters, Defendant Margolis, Pritzker, Epstein & Blatt, P.A. told Plaintiff that Defendant would take further legal action against Plaintiff including filing a law suit against him to collect the alleged debt.

28.     To date, Plaintiff never made a payment to Margolis, Pritzker, Epstein & Blatt, P.A.

29.     On December 8, 2009, Defendant Margolis, Pritzker, Epstein & Blatt, P.A. filed a lawsuit in District Court of Maryland for Baltimore Count and docketed as Case Number 080400397042009 (hereafter "Baltimore County Lawsuit") against Plaintiff in an attempt to have a judgment entered against Plaintiff for the alleged debt on the Honda Finance account.

30.     Defendant alleged in the Baltimore County Lawsuit that no payment was made on the Honda Finance account since July 23, 2003.

31.     The lawsuit was filed in bad faith, was unconscionable and was an unfair practice since the debt was beyond the statute of limitations.

32.     Defendant Margolis, Pritzker, Epstein & Blatt, P.A. made false, deceptive, and misleading representations in the letters mailed to Plaintiff and in the Baltimore County Lawsuit in that Defendant misrepresented to the Court and Plaintiff that: (a) Honda Finance was entitled to collect on the debt; (b) the debt was not time barred; and (c) the legal status of the debt.

33.     On February 23, 2010, Plaintiff entered a Notice of Intention to Defend – which in Maryland District Court is his answer and defenses to the lawsuit – in the Baltimore County Lawsuit and defended on the ground that the "alleged debt is barred by the applicable statute of limitations."

34.     Plaintiff served this Notice of Intention to Defend on Defendant pursuant to the Maryland Rules.

35.     Margolis, Pritzker, Epstein & Blatt, P.A. filed a Line of Dismissal on March 17, 2010.

36.     While attempting to collect the alleged debt from Plaintiff, Defendant acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of 15 U.S.C. §§ 1692(b); 1962c(b),1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f and 1692g(a) amongst others.

37.     As a direct and proximate result of Defendant's illegal collection tactics and harassing behavior, Plaintiff sustained actual damages in the form of expenses in attempting to correct Defendant's misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

V.     **CAUSES OF ACTION**

**COUNT I**
**(FAIR DEBT COLLECTION PRACTICES ACT)**

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The foregoing acts and omissions of Defendant Margolis, Pritzker, Epstein & Blatt, P.A. constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

40.     As a result of each of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); punitive damages, and reasonable attorney's fees and costs.

### COUNT TWO
### (MARYLAND CONSUMER DEBT COLLECTION ACT)

41.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false, § 14-202(3);

- disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information, § 14-202(5);

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

43.     As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendant Margolis, Pritzker, Epstein & Blatt, P.A. and its agents and employees are prohibited from

7

performing or failing to perform any action described above and from abusing or harassing Plaintiff while collecting or attempting to collect an alleged debt.

44.      The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

45.      As a result of Defendant's harassing and abusive debt collection practices in violation of the MCDCA, Defendant caused Plaintiff out-of-pocket expenses, severe emotional distress and mental anguish, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an order declaring that Defendant Margolis, Pritzker, Epstein & Blatt, P.A.'s actions as described above are in violation of the FDCPA and MCDCA;

- for an award of actual, compensatory and punitive damages pursuant to 15 U.S.C. § 1692k against Defendant Margolis, Pritzker, Epstein & Blatt, P.A. including an award for emotional distress and mental anguish in the amount of $75,000.00;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k against Defendant Margolis, Pritzker, Epstein & Blatt, P.A.;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k against Defendant Margolis, Pritzker, Epstein & Blatt, P.A.;

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203 in the amount of $75,000.00 against Defendant Margolis, Pritzker, Epstein & Blatt, P.A.;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii)) against Defendant Margolis, Pritzker, Epstein & Blatt, P.A.;

- Award pre and post judgment interest; and

- Award such other relief this Court deems just and equitable.


Respectfully submitted,

**Z LAW, LLC**

Dated: May 4, 2011          _____/s/_____28191_____
Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
T. (443) 213-1977
E. clz@zlawmaryland.com

Attorney for Plaintiff

## **JURY TRIAL**

Keith Scott demands trial by jury.


_____**/s/**_____**28191**_____
Cory L. Zajdel